**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

KELLY PINN,                                    *

            Plaintiff,                 *

 v.                                             *        Case No.: 8-23-CV-02927

LIVE CALLS NETWORK, LLC, *et al.*,             *

            Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *    *

**DEFENDANT LIVE CALLS NETWORK, LLC'S
<u>ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES</u>**

Defendant, Live Calls Network, LLC ("LCN"), by its undersigned counsel, in accordance with Federal Rule of Civil Procedure 8, hereby submits this Answer and asserts the following Affirmative Defenses in response to Plaintiff's Complaint ("Complaint").

<u>**NATURE OF THIS ACTION**</u>

1.      Paragraph 1 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 1 of the Complaint can be construed as factual in nature, LCN responds by stating it denies them.

2.      LCN denies the allegations set forth in Paragraph 2 of the Complaint.

3.      LCN denies the allegations set forth in Paragraph 3 of the Complaint.

4.      LCN denies the allegations set forth in Paragraph 4 of the Complaint.

5.      Paragraph 5 states a legal conclusion to which no response is required. To the extent that any of the allegations set forth in Paragraph 5 of the Complaint can be construed as factual in nature, LCN responds by denying them.

6.      Paragraph 6 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 6 of the Complaint can be construed as factual in nature, LCN responds by denying them.

7.      Paragraph 7 states a legal conclusion to which no response is required. To the extent that any of the allegations set forth in Paragraph 7 of the Complaint can be construed as factual in nature, LCN responds by denying them. **JURISDICTION AND VENUE**

8.      Paragraph 8 states a legal conclusion to which no response is required.

9.      LCN admits that it resides in this District and conducts business transactions in this District. LCN denies the remaining allegations in Paragraph 9 of the Complaint.

10.     LCN admits it is located in this District. LCN denies the remaining allegations in Paragraph 10 of the Complaint.

## PARTIES

11.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     LCN admits the allegations set forth in Paragraph 13 of the Complaint.

14.     Paragraph 14 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 14 of the Complaint can be construed as factual in nature, LCN responds by admitting them.

## TCPA BACKGROUND

15.     Paragraph 15 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 15 of the Complaint can be construed as factual in nature, LCN responds by denying them.

16.     Paragraph 16 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 16 of the Complaint can be construed as factual in nature, LCN responds by denying them.

17.     Paragraph 17 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 17 of the Complaint can be construed as factual in nature, LCN responds by denying them.

18.     Paragraph 18 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 18 of the Complaint can be construed as factual in nature, LCN responds by denying them.

19.     Paragraph 19 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 19 of the Complaint can be construed as factual in nature, LCN responds by denying them.

20.     Paragraph 20 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 20 of the Complaint can be construed as factual in nature, LCN responds by denying them.

21.     Paragraph 21 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 21 of the Complaint can be construed as factual in nature, LCN responds by denying them.

22.     Paragraph 22 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 22 of the Complaint can be construed as factual in nature, LCN responds by denying them.

23.     Paragraph 23 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 23 of the Complaint can be construed as factual in nature, LCN responds by denying them.

24.     Paragraph 24 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 24 of the Complaint can be construed as factual in nature, LCN responds by denying them.

25.     Paragraph 25 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 25 of the Complaint can be construed as factual in nature, LCN responds by denying them.

26.     Paragraph 26 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 26 of the Complaint can be construed as factual in nature, LCN responds by denying them.

27.     Paragraph 27 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 27 of the Complaint can be construed as factual in nature, LCN responds by denying them.

28.     Paragraph 28 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 28 of the Complaint can be construed as factual in nature, LCN responds by denying them.

29.     Paragraph 29 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 29 of the Complaint can be construed as factual in nature, LCN responds by denying them.

30.     Paragraph 30 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 30 of the Complaint can be construed as factual in nature, LCN responds by denying them.

31.     Paragraph 31 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 31 of the Complaint can be construed as factual in nature, LCN responds by denying them.

32.     Paragraph 32 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 32 of the Complaint can be construed as factual in nature, LCN responds by denying them.

33.     Paragraph 33 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 33 of the Complaint can be construed as factual in nature, LCN responds by denying them.

## **FACTUAL ALLEGATIONS**

34.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38.     LCN denies the allegations in Paragraph 38 of the Complaint.

39.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43.     LCN denies the allegations in Paragraph 43 of the Complaint.

44.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46.     LCN denies that it called Plaintiff. LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47.     LCN denies the allegations in Paragraph 47 of the Complaint.

48.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

50.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint.

51.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53.     LCN denies the allegations in Paragraph 53 of the Complaint.

54.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint.

55.     LCN denies the allegations in Paragraph 55 of the Complaint.

56.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

61.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint.

62.     LCN denies the allegations in Paragraph 62 of the Complaint.

63.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint.

64.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint.

65.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Complaint.

66.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 of the Complaint.

67.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 of the Complaint.

68.     LCN denies the allegations in Paragraph 68 of the Complaint.

69.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint.

70.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint.

71.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint.

72.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint.

73.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint.

74.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Complaint.

75.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint.

76.     LCN denies responsibility for the calls Plaintiff received. LCN lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76 of the Complaint.

77.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 of the Complaint.

78.     LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Complaint.

79.     LCN denies the allegations in Paragraph 79 of the Complaint.

80.     LCN denies the allegations in Paragraph 80 of the Complaint.

81.     Paragraph 81 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 81 of the Complaint can be construed as factual in nature, LCN responds by denying them.

82.     Paragraph 82 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 82 of the Complaint can be construed as factual in nature, LCN responds by denying them.

83.     Paragraph 83 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 83 of the Complaint can be construed as factual in nature, LCN responds by denying them.

**<ins>DEFENDANT'S LIABILITY</ins>**

84.     LCN denies the allegations in Paragraph 84 of the Complaint.

85.     LCN denies that it called Plaintiff. The remaining allegations in Paragraph 85 consist largely of legal conclusions to which no response is required. To the extent that any of the remaining allegations set forth in Paragraph 85 of the Complaint can be construed as factual in nature, LCN responds by denying them.

86.     Paragraph 86 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 86 of the Complaint can be construed as factual in nature, LCN responds by denying them.

87.     Paragraph 87 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 87 of the Complaint can be construed as factual in nature, LCN responds by denying them.

88.     LCN denies that it called Plaintiff. The remaining allegations in Paragraph 88 consist largely of legal conclusions to which no response is required. To the extent that any of the remaining allegations set forth in Paragraph 88 of the Complaint can be construed as factual in nature, LCN responds by denying them.

89.     Paragraph 89 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 89 of the Complaint can be construed as factual in nature, LCN responds by denying them.

90.     Paragraph 90 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 90 of the Complaint can be construed as factual in nature, LCN responds by denying them.

## **CLASS ACTION ALLEGATIONS**

91-105. LCN adopts and incorporates its Motion to Strike Plaintiff's Class Action Allegations filed contemporaneously with the Answer and asserts that it is not required to respond

to the allegations set forth in Paragraphs 91-105 of the Complaint. To the extent that a response is required, LCN denies the allegations set forth in Paragraphs 91-105 of the Complaint.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)**
**(ON BEHALF OF PLAINTIFF AND THE REGISTRY CLASS)**

106.    Paragraph 106 incorporates the preceding recitals and allegations to which no response is required.

107.    LCN denies the allegations in Paragraph 107 of the Complaint.

108.    LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 of the Complaint.

109.    LCN lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 of the Complaint.

110.    Paragraph 110 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 110 of the Complaint can be construed as factual in nature, LCN responds by denying them.

111.    Paragraph 111 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 111 of the Complaint can be construed as factual in nature, LCN responds by denying them.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)**
**(ON BEHALF OF PLAINTIFF AND THE POLICY CLASS)**

112.    Paragraph 112 incorporates the preceding recitals and allegations to which no response is required.

113.    LCN denies the allegations in Paragraph 113 of the Complaint.

114.    LCN denies the allegations in Paragraph 114 of the Complaint.

115.    LCN denies the allegations in Paragraph 115 of the Complaint.

116.    LCN denies the allegations in Paragraph 116 of the Complaint.

117.    LCN denies the allegations in Paragraph 117 of the Complaint.

118.    LCN denies the allegations in Paragraph 118 of the Complaint.

119.    Paragraph 119 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 119 of the Complaint can be construed as factual in nature, LCN responds by denying them.

120.    Paragraph 120 consists largely of legal conclusions to which no response is required. To the extent that any of the allegations set forth in Paragraph 120 of the Complaint can be construed as factual in nature, LCN responds by denying them.

## PRAYER FOR RELIEF

LCN denies that Plaintiff is entitled to any of the relief sought in her prayer for relief. LCN further denies each and every allegation in Plaintiff's Complaint not expressly admitted herein.

## DEMAND FOR JURY TRIAL

This section of the Complaint states a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming any burden, it would not otherwise bear, LCN asserts the following Affirmative Defenses:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted on behalf of herself and any of the alleged Class members.

2.    Neither Plaintiff nor the proposed Class members have sustained any damages as a result of the actions of LCN.

3.     Plaintiff's individual and Class claims are barred in whole or in part by the applicable statute of limitations.

4.     LCN denies any allegations not specifically admitted herein, and specifically denies that it violated any applicable law.

5.     This Court lacks personal jurisdiction over LCN because LCN did not purposefully direct conduct towards the forum state.

6.     The Complaint is barred, in whole or in part, by the doctrine of laches.

7.     Plaintiff's individual and class claims for multiple damages under the Telephone Consumer Protection Act are barred because LCN did not violate the TCPA and did not commit any willful or knowing conduct.

8.     Plaintiff's Complaint is barred by the doctrine of unclean hands.

9.     Neither Plaintiff nor the proposed Class members are entitled to any actual or statutory damages under the Telephone Consumer Protection Act.

10.     This Court lacks subject matter jurisdiction over this action because Plaintiff lacks Article III standing and prudential standing to bring her claims.

11.     Plaintiff's allegations are barred because they are insufficiently ascertainable.

12.     The damages of Plaintiff and the proposed Class members, if any, are capped by what is allowed by statute under the Telephone Consumer Protection Act only.

13.     LCN did not place the calls at issue.

14.     LCN did not direct an agent or representative to place the calls at issue.

15.     Plaintiff's class allegations are barred because each alleged class member gave their valid prior express consent, invitation, or permission to be contacted.

16.     Plaintiff's class allegations fail to satisfy any of the express or implicit requirements of the Federal Rules of Civil Procedure 23(a) and/or 23(b).

17.     Plaintiff's class allegations fail to state sufficient class allegations under applicable law.

18.     Plaintiff's class allegations are barred because they constitute impermissible fail-safe allegations.

19.     Plaintiff's class allegations are barred because they are insufficiently ascertainable.

20.     This Court lacks personal jurisdiction over the class allegations where none of the allegations relate to alleged conduct or harm occurring in the forum state. *See* Fed. R. Civ. P. 12(b)(2).

21.     To the extent any proposed Class member claims that their prior express consent, invitation, or permission was obtained fraudulently, such alleged fraud was not caused by or attributable to LCN.

22.     Venue is not proper in this Court for either Plaintiff's individual or class allegations.

23.     Plaintiff's individual and class claims under the TCPA are barred because portions of the TCPA violate the First Amendment of the United States Constitution and those portions are not severable, such that the entire Act is unconstitutional on the whole. *See Barr v. American Association of Political Consultants, Inc, et. al.* (U.S. Supreme Court) (No. 10-631).

24.     Plaintiff's class claims are barred because the calls provided only informational content that does not constitute telephone solicitations or other communication covered by the TCPA.

25.     LCN adopts and incorporates by reference herein all affirmative defenses as may be raised by any other defendant who is, or might be, joined in this action.

26.     LCN reserves the right to rely on any defense available in law or fact in this action and specifically reserves the right to amend, modify, or supplement the defenses stated herein as additional facts become known to it.

**WHEREFORE**, LCN requests that this Court enter an Order:

A.     Entering judgment in favor of LCN and against Plaintiff for all costs and attorneys' fees incurred in connection with this matter; and

B.     Awarding all such other and further relief as justice and its cause may require.


Dated: December 8, 2023                    Respectfully submitted,


                                           /s/ Michael E. Blumenfeld
                                           Michael E. Blumenfeld (Bar No. 25062)
                                           Taylor M. Bayat (Bar No. 22107)
                                           **NELSON MULLINS RILEY & SCARBOROUGH, LLP**
                                           100 S. Charles Street, Suite 1600
                                           Baltimore, Maryland 21201
                                           (443) 392-9402 (direct)
                                           (443) 392-9499 (facsimile)
                                           michael.blumenfeld@nelsonmullins.com
                                           taylor.bayat@nelsonmullins.com

                                           *Attorneys for Live Calls Network, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 8th day of December 2023, a copy of the foregoing was electronically filed via CM/ECF and served on all counsel of record and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland.

<u>/s/ Michael E. Blumenfeld</u>
Michael E. Blumenfeld (Bar No. 25062)

16